UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x          12 Civ. 4223 (BMC)
CARL C. ELIACIN,

                     Plaintiff,

                                                       SECOND AMENDED
                                                       COMPLAINT

        -against-

                                                          JURY DEMAND

THE CITY OF NEW YORK, POLICE OFFICER
STEPHAN CARR (Tax #948751; Shield # 2540)
POLICE OFFICER FRANCESCO ALLEVATO
(Shield # 2939), LIEUTENANT JOSEPH
HAYWARD (Tax #923936) and POLICE
OFFICER DANIEL TRIONE (Tax #949743),
                                      Defendants.
-------------------------------------------------------------x

CARL C. ELIACIN (hereinafter "plaintiff"), by his attorney(s) The Law Offices of Wale

Mosaku, P.C., complaining of the defendants THE CITY OF NEW YORK, POLICE

OFFICER STEPHAN CARR (Tax #948751; Shield # 2540) POLICE OFFICER

FRANCESCO ALLEVATO (Shield # 2939), LIEUTENANT JOSEPH HAYWARD

(Tax #923936) and POLICE OFFICER DANIEL TRIONE (Tax #949743) (hereinafter

collectively referred to as "the Defendants"), alleges as follows:

NATURE OF THE ACTION

1.      This is an action at law to redress the deprivation of rights secured to
the plaintiff under color of statute, ordinance, regulation, custom,
and/or to redress the deprivation of rights, privileges, and immunities
secured to the plaintiff by the Fourth, Fifth, Sixth and Fourteenth
Amendments to the Constitution of the United States, and by Title 42
U.S.C. § 1983 [and §1985], [and arising under the law and statutes of
the State of New York].

JURISDICTION

2.      The jurisdiction of this Court is invoked pursuant to 42 U.S.C.
Section 1983, 28 U.S.C. Section 1343, 28 U.S.C. Section 1331, and
under the Fourth, Fifth, Sixth and Fourteenth Amendments to the
United States Constitution.

3.       As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §1391 (b) and (c).

SATISFACTION OF THE PROCEDURAL PREREQUISITES FOR SUIT

4.       All conditions precedent to the filing of this action have been complied with. On June 8, 2012, within ninety days after the claims alleged in this complaint arose, a written notice of claim, sworn to by the plaintiff's representative, was served upon the defendant City of New York, by personal delivery of the notice in duplicate, to the person designated by law as one to whom a summons issued against such party may be delivered in an action in the applicable Courts. The plaintiff's claim was assigned the number 2012PI015169 by the City of New York's Comptroller's office.

5.       At least thirty days have elapsed since the service of the above-mentioned notice of claim, and adjustment or payment of the claim has been neglected and/or refused.

6.       This action, pursuant to New York State and City Law, has been commenced within one year after the happening of the event upon which the claim is based.

THE PARTIES

7.       Plaintiff is a citizen of the United States, resident in Kings County, New York State. Plaintiff is an African-American male of full age.

8.       At all relevant times, defendants POLICE OFFICER STEPHAN CARR (Tax #948751; Shield # 2540) POLICE OFFICER FRANCESCO ALLEVATO (Shield # 2939), LIEUTENANT JOSEPH HAYWARD (Tax #923936) and POLICE OFFICER DANIEL TRIONE (Tax #949743) (hereinafter "defendant officers") were, and upon information and well-founded belief, still are law enforcement officers employed by the Police Department of the City of New York ("NYPD").

9.      At all relevant times, the defendant officers were employed as law enforcement officers of the City of New York, State of New York, and were acting under the color of their official capacity and their acts were performed under color of the statutes and ordinances of the City of New York and/or the State of New York. The defendant officers were the servants, agents, and employees of their co-defendant, the City of New York, so that their acts are imputed to the City of New York and the NYPD.

10.     At all relevant times, the defendant City of New York was and is a municipal corporation duly organized and existing under the laws of the State of New York, and was the employer of the defendant officers through its Police Department, specifically the NYPD, and the actions of the defendant officers complained of herein were done as part of the custom, practice, usage, regulation and/or direction of the City of New York.

11.     Plaintiff sues all defendants in their individual and official capacities.

FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

12.     On or about March 10, 2012, at approximately 10:30 p.m., inside of the premises described as 333 Georgia Avenue, Brooklyn, New York 11207(subject premises"), within which the plaintiff resides, as the plaintiff was exiting the elevator on the first floor, he was stopped and searched without probable cause by all or some of the defendant officers.

13.     At that time all or some of the defendant officers, without probable cause, compelled the plaintiff to submit to an intrusive search of his clothing and belongings.

14.     At that time, all or some of the defendant officers, without probable cause, also directed the plaintiff to take off his shoes and remove his socks.

15.       Nothing unlawful was recovered as a result of the humiliating and unlawful search, and the plaintiff was permitted to go about his business by the defendant officers.

16.       Later on that night, at approximately 01:00 a.m. on March 11, 2012, as the plaintiff was walking through the parking lot of 580 Sutter Avenue, Brooklyn, New York 11207 on his way to go see a friend who lives in a different building in his neighborhood, without warning, he was suddenly tackled to the ground from the back by one of the defendant officers[1].

17.       After being thus tackled to the ground, the plaintiff was punched and kicked about his torso, "kneed" in his back, and stomped on his right foot by all or some of the defendant officers.

18.       The plaintiff was then placed in hand cuffs. Once thus handcuffed, the plaintiff was then taken off the ground with his handcuffed arms raised high behind him, causing the plaintiff to suffer pain.

19.       Once off the ground, one the defendant officers spat in the plaintiff's face.

20.       One of the defendant officers also threatened to shoot the plaintiff. When the plaintiff told said defendant officer that said threat was not right, said defendant officer maliciously tightened the handcuffs upon the plaintiff's wrists, causing lacerations, bruising, swelling and internal derangement of the plaintiff's wrists.

21.       The plaintiff was then escorted to the subject premises by all or some of the defendant officers. Upon arrival at the front entrance of the subject premises, one of the defendant officers said "*let me help you*", following which he slammed the plaintiff into a doorpost. The plaintiff was then escorted into the lobby of the subject premises.

22.       While the plaintiff was in the lobby of his building, a man and a woman were brought into the lobby. The plaintiff, the man and

---

[1] On December 3, 2012, the defendant City's counsel informed the plaintiff's counsel by electronic mail that "*The officer who physically apprehended plaintiff ... was Police Officer Daniel Trione, Tax #949743, who is currently assigned to the 75th Precinct*".

woman were then placed into a police vehicle, and subsequently transported to the 75th precinct.

23.    Upon arrival at the 75th precinct, the plaintiff was searched again, and thereafter placed in a cell.

24.    After approximately four hours in custody, the plaintiff was issued with a Summons # "433441887-9", prepared by defendant Carr, wherein he was accused of "*disorderly conduct - refuse lawful order*", and thereafter permitted to leave the precinct.

25.    Upon the above-referenced summons, the defendant Carr provided the following details about the purported offense the plaintiff had committed: "*At T/P/O undersigned OBS Deft. in lobby of location upon initial request deft. was refusing to produce ID*".

26.    However, within his memo book (on the back page), the defendant Carr described the offense that the plaintiff had committed as follows: "*O/E 01:25 while conducting vertical patrol in 333 Georgia handling police business in Apt. 5/E 1 black male kept interfering (with[2]) invest. After several warnings ind. kept refusing to go about his lawful bisness (sic). Upon request to stop to produce ID def. shoved P/O (and[3]) ran down stair case. Upon foot chase downstairs, out building and across st. into parking lot, def. aprehended (sic) by ariving (sic) sector. Deft. Placed in cuffs (and[4]) trp to 75 pct. Station house. As per supervisor, release deft (with[5]) summons for discon. All throug (sic) process, def continued acting irate. Warrant checks conducted. 0 active warrants. Deft. Released (with[6]) c # 433441887 9*".

27.    On or about June 1, 2012, the above-referenced Summons was dismissed. The Kings County Criminal Court Docket number was "2012SK044991".

---

[2] At this point, the defendant officer inserted a symbol commonly interpreted as meaning the word "with".
[3] At this point, the defendant officer inserted a symbol commonly interpreted as meaning the word "and".
[4] At this point, the defendant officer inserted a symbol commonly interpreted as meaning the word "and".
[5] At this point, the defendant officer inserted a symbol commonly interpreted as meaning the word "with".
[6] At this point, the defendant officer inserted a symbol commonly interpreted as meaning the word "with".

## CAUSE(S) OF ACTION AGAINST THE DEFENDANTS: FALSE ARREST AND FALSE IMPRISONMENT UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

28.  By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 27 of this complaint as though fully set forth herein.

29.  The arrest, detention and imprisonment of plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest or subsequent detention.

30.  As a result of plaintiff's false arrest and imprisonment, he has been caused to suffer humiliation, great mental and physical anguish, embarrassment and scorn among those who know him, was prevented from attending to his necessary affairs, and has been caused to incur legal expenses, and has been otherwise damaged in his character and reputation.

31.  Consequently, plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against each of the defendants, individually and severally.

32.  The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

33.  This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

## CAUSE(S) OF ACTION AGAINST THE DEFENDANTS: MALICIOUS PROSECUTION UNDER 42 U.S.C § 1983/NEW YORK STATE LAW

34.  By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 33 of this complaint as though fully set forth herein.

35.  The commencement and continued prosecution of the criminal judicial proceeding against plaintiff, including the arrest, the imprisonment, and the charges against plaintiff were committed by or

at the insistence of the defendant officers without probable cause or legal justification, and with malice.

36.     That the defendant officers were directly involved in the initiation of criminal proceedings against the plaintiff.

37.     That the defendant officers lacked probable cause to initiate criminal proceedings against the plaintiff.

38.     That the defendant officers acted with malice in initiating criminal proceedings against the plaintiff.

39.     That the defendant officers were directly involved in the continuation of criminal proceedings against the plaintiff.

40.     That the defendant officers lacked probable cause in continuing criminal proceedings against the plaintiff.

41.     That the defendant officers acted with malice in continuing criminal proceedings against the plaintiff.

42.     That the defendant officers misrepresented and falsified evidence throughout all phases of the criminal proceeding.

43.     That the defendant officers misrepresented and falsified evidence to the prosecutors in the King's County District Attorney's office.

44.     That the defendant officers withheld exculpatory evidence from the prosecutors in the King's County District Attorney's office.

45.     That the defendant officers did not make a complete statement of facts to the prosecutors in the King's County District Attorney's office.

46.     The criminal judicial proceeding initiated against plaintiff was dismissed on June 1, 2012, and terminated in the plaintiff's favor.

47.     The arrest, imprisonment and prosecution of the plaintiff were malicious and unlawful, because plaintiff had committed no crime and there was no probable cause to believe that plaintiff had committed any crimes.

48.     The defendant officers actions were intentional, unwarranted and in violation of the law. The defendant officers had full knowledge that

the charges made before the Court against the plaintiff were false and untrue.

49.     As a consequence of the malicious prosecution by the defendant officers, plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against defendant officers, individually and severally.

50.     The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

## CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: EXCESSIVE FORCE UNDER 42 U.S.C § 1983

51.     By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 50 of this complaint as though fully set forth herein.

52.     The level of force employed by one or more of the defendant officers was objectively unreasonable and in violation of the plaintiff's constitutional rights.

53.     As a result of the aforementioned conduct of the defendant officers, the plaintiff was subjected to excessive force, resulting in serious and severe physical injuries.

54.     As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in the amount of to be determined at trial, against the defendant officers, individually and severally.

## CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: UNLAWFUL SEARCH UNDER 42 U.S.C § 1983

55.     By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 54 of this complaint as though fully set forth herein.

56.     Prior to and following the plaintiff's arrest, the defendant officers searched and/or caused the plaintiff and/or his property to be searched, without any individualized reasonable suspicion that he was concealing weapons or contraband.

57.     As a result of the foregoing, the plaintiff was subjected to illegal and improper searches.

58.     The foregoing unlawful searches violated the plaintiff's constitutional right to privacy, as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

59.     As a consequence of the defendant officers' individual and/or collective actions as set forth above, the plaintiff suffered a significant loss of liberty, humiliation, mental anguish, depression, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against the defendant officers, individually and severally.

CAUSE(S) OF ACTION AGAINST EACH DEFENDANT
OFFICER: FAILURE TO INTERVENE UNDER 42 U.S.C § 1983

60.     By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 59 of this complaint as though fully set forth herein.

61.     Each defendant officer had an affirmative duty to intervene on the plaintiff's behalf to prevent the violation to his constitutional rights, as more fully set forth above.

62.     Each defendant officer failed to intervene on the plaintiff's behalf to prevent the violation of his constitutional rights, despite having had a realistic and reasonable opportunity to do so.

63.     As a consequence of the defendant officers' individual and/or collective actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, serious personal injuries, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages, in an amount to be determined at trial, against the defendant officers, individually and severally.

<u>CAUSE(S) OF ACTION AGAINST EACH DEFENDANT OFFICER: DENIAL OF A CONSTITUTIONAL RIGHT TO A FAIR TRIAL UNDER 42 U.S.C § 1983 DUE TO THE FABRICATION OF EVIDENCE</u>

64.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 63 of this complaint as though fully set forth herein.

65.     Each defendant officer created false evidence against the plaintiff.

66.     Each defendant officer forwarded false evidence and false information to the prosecutors in the King's County District Attorney's office.

67.     Each defendant officer was directly involved in the initiation of criminal proceedings against the plaintiff.

68.     Each defendant officer lacked probable cause to initiate criminal proceedings against the plaintiff.

69.     Each defendant officer acted with malice in initiating criminal proceedings against the plaintiff.

70.     Each defendant officer was directly involved in the continuation of criminal proceedings against the plaintiff.

71.     Each defendant officer lacked probable cause in continuing criminal proceedings against the plaintiff.

72.     Each defendant officer acted with malice in continuing criminal proceedings against the plaintiff.

73.     Each defendant officer misrepresented and falsified evidence throughout all phases of the criminal proceeding.

74.     Each defendant officer misrepresented and falsified evidence to the prosecutors in the King's County District Attorney's office.

75.     Each defendant officer withheld exculpatory evidence from the prosecutors in the King's County District Attorney's office.

76.     Each defendant officer did not make a complete statement of facts to the prosecutors in the King's County District Attorney's office.

77.     By creating false evidence against the plaintiff; forwarding false evidence and information to the prosecutors; and by providing false and misleading testimony throughout the criminal proceedings, each defendant officer violated the plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

78.     As a consequence of the defendant officers' actions, the plaintiff suffered loss of liberty, humiliation, mental anguish, depression, loss of wages from work, and his constitutional rights were violated. Plaintiff hereby demands compensatory damages and punitive damages in an amount to be determined at trial, against each defendant officer, individually and severally.

CAUSE OF ACTION AGAINST ALL DEFENDANTS: FALSE ARREST,  FALSE IMPRISONMENT, MALICIOUS PROSECUTION, EXCESSIVE FORCE AND UNLAWFUL SEARCH PURSUANT TO ARTICLE 1, SECTION 12, OF THE NEW YORK STATE CONSTITUTION

79.     By this reference, the plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 78 of this complaint as though fully set forth herein.

80.     The above-described respective assault, battery, excessive force, false arrest, unlawful search, false imprisonment, detention and malicious prosecution of the plaintiff were without just or probable cause and without any warrant or legal process directing or authorizing the plaintiff's arrest, summary punishment, and subsequent detention.

81.     As a result of the above-described assault, battery, excessive force, false arrest, unlawful search, false imprisonment, detention and prosecution, the plaintiff was caused to suffer loss of liberty, serious personal injuries, humiliation, great mental and physical anguish, embarrassment and scorn among those who know him; was prevented from attending to his necessary affairs, and has been otherwise damaged in his character and reputation.

82.     Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendant officers, individually and severally.

83.     The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers acts as described above.

## CAUSE OF ACTION AGAINST THE DEFENDANT CITY OF NEW YORK: MUNICIPAL LIABILITY UNDER 42 U.S.C § 1983

84.     By this reference, plaintiff incorporates each and every allegation and averment set forth in paragraphs 1 through 83 of this complaint as though fully set forth herein.

85.     The defendant officers arrested and incarcerated the plaintiff in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said arrest and incarceration would jeopardize the plaintiff's liberty, well-being, safety and constitutional rights.

86.     The acts complained of were carried out by the individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

87.     The defendant officers acted under color of law, in their official capacity, and their acts were performed pursuant to the customs, policies, usages, practices, procedures and rules of the City of New York and its police department.

88.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and its police department include, but are not limited to the following unconstitutional practices:

a. Wrongfully arresting individuals on the pretext that they are/were involved in illegal vice transactions;

b. manufacturing evidence against individuals allegedly involved in illegal vice transactions;

c. unlawfully searching detainees and/or their property in the absence of any reasonable suspicion that said individuals were concealing weapons or contraband;

d. arresting innocent persons in order to meet "productivity" goals (i.e. arrest quotas); and

e. wrongfully and unreasonably brutalizing innocent members of the public, despite the lack of probable cause to do so.

89.     The aforesaid event was not an isolated incident.  The City and its police commissioner has been aware for some time, from lawsuits, notices of claim, complaints filed with the Civilian Complaint Review Board, and judicial rulings suppressing evidence and finding officers incredible as a matter of law, that a disturbing number of their police officers unlawfully search and seize citizens, bring charges against citizens with no legal basis, perjure themselves in charging instruments and testimony, and fail to intervene in and report the obviously illegal actions of their fellow officers. Nevertheless, the City and its police commissioner have allowed policies and practices that allow the aforementioned to persist.

90.     For example, the well documented failures of the Civilian Complaint Review Board ("the CCRB"), a City agency, to substantiate obviously meritorious citizen complaints have gone uncorrected. The CCRB regularly finds complainants lack credibility based on the fact that such complainants have also brought lawsuits to remedy the wrongs they have experienced, a practice that often results in not

substantiating the most serious charges brought to them.  In addition, the CCRB virtually never initiates their own findings of false statements against officers who have made false statements to the CCRB in their own defense, nor do they initiate findings that officers have failed to report their fellow officers' misconduct; thus, officers have no real incentive to come forward, or to testify truthfully at the CCRB.  The CCRB has no enforcement mechanisms once making a finding against an officer; it can only make recommendations to the NYPD, once finding misconduct by an officer.

91.     The NYPD, once receiving a substantiated complaint by the CCRB, fails to adequately discipline officers for misconduct.  The NYPD Department Advocate, which is endowed with the responsibility of following up on substantiated CCRB charges, is understaffed and under-utilized.  Furthermore, in the extraordinarily rare event, such as the matter at bar, that the CCRB substantiates a complaint and the Department Advocate proves the case in an internal trial against an officer, the police commissioner still maintains the power to reduce the discipline against such an officer, which has been done on many occasions.

92.     Further, the City and its police commissioner have no procedure to notify individual officers or their supervisors of unfavorable judicial review of their conduct.  Without this notification, improper search and seizure practices and incredible testimony go uncorrected.

93.     Additionally, according to a report of the New York City Bar Association issued in 2000, the City and Kelly have isolated their law department from the discipline of police officers, so that civil suits against police officers for actions taken in their capacity as police officers have no impact on the officers' careers, regardless of the outcome of the civil actions.  Alan Hevesi, as New York City Comptroller, in 1999 reported that there was a "a total disconnect"

between the settlements of even substantial civil claims and police department action against officers.

94. The existence of the aforesaid unconstitutional customs and policies may also be inferred from the admission by Deputy Commissioner Paul J. Browne, as reported by the media on January 20, 2006, that commanders are permitted to set "productivity goals".

95. Furthermore, the existence of the aforesaid unconstitutional customs and policies may also be inferred from the ruling (Docket entry 32) of the Court (Eastern District of New York), in the case(s) of <u>Jose Colon v. City of New York</u>, et al (09-cv-8) and <u>Maximo Colon v. City of New York</u>, et al (09-cv-9), wherein the Court stated, *inter alia*, that "*Informal inquiry by the court and among the judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the New York City Police Department*", and that "*there is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving the illegal conduct of the kind now charged*".

96. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, constituted a deliberate indifference to the safety, well-being and constitutional rights of all defendants, including but not limited to the plaintiff; were the proximate cause of, and moving force behind, the constitutional violations suffered by the plaintiff as alleged herein, and deprived plaintiff of the following rights, privileges and immunities secured to him by the Constitution of the United States:

(a) The right of the plaintiff to be secure in his person and effects against unreasonable search and seizure under the Fourth and Fourteenth Amendments to the Constitution of the United States.

(b ) The right of the plaintiff not to be deprived of life, liberty, or property without due process of law, and the right to the equal protection

of the laws, secured to him by the Fifth and Fourteenth Amendments to the Constitution of the United States.

(c)     The right to be free from unreasonable detention and/or continued detention without probable cause in that the plaintiff was detained.

(d)     The right to be free from the use of excessive force.

97.     As a result of the actions of the defendants, the plaintiff was deprived of his rights, privileges, and immunities secured by the United States Constitution, in particular, the Fourth, Fifth, and Fourteenth Amendments, in contravention of 42 USC §1983 and the laws of New York State, and New York City without just or legal cause when defendant City, by its employees and/or agents unlawfully arrested and imprisoned the plaintiff thereby depriving him of his liberty without due process of law.

98.     The defendant officers were the actual agents of the defendant City of New York and were following the customs, practices, ordinances and/or regulations of the City of New York when they violated the plaintiff's constitutional and civil rights, and the City of New York is therefore responsible for their acts, and liable to the plaintiff for the damages he suffered.

99.     The actual principal/agent relationship between defendant City and the defendant officers was created by the fact they were employees of defendant City, and the City had the right to, and it did indeed regulate and control the activities and conduct of the defendant officers.

100.     The defendant officers actions were vicious, wicked, cold-hearted, intentional, malicious, unwarranted and in violation of the law. The individual defendants had full knowledge that the charges made before the Court against the plaintiff were false and untrue.

CAUSE(S) OF ACTION: ASSAULT AND BATTERY

101.     Plaintiff repeats and realleges paragraphs 1 through 97 as if each paragraph is repeated verbatim herein.

102.     At the time of the plaintiff's arrest by the defendant officers, the plaintiff did not challenge nor resist the defendants, nor engage in any threatening behavior towards the defendants.

103.     However, as set forth above, the defendant officers assaulted the plaintiff, battered the plaintiff, and subjected the plaintiff to excessive force and summary punishment.

104.     The defendant officers were at all material times acting within the scope of their employment, and as such, the defendant City is vicariously liable for the defendant officers' acts as described above.

105.     Consequently, the plaintiff has been damaged and hereby demands compensatory and punitive damages in an amount to be proven at trial against the defendants, individually and severally.

106.     This action, upon information and belief, falls within one or more of the exceptions of CPLR 1602.

WHEREFORE, plaintiff respectfully prays judgment as follows:

1.     For compensatory damages against all defendants in an amount to be proven at trial;

2.     For exemplary and punitive damages against all defendants in an amount to be proven at trial;

3.     For costs of suit herein, including plaintiff's reasonable attorney's fees; and;

4.     For such other and further relief as the court deems proper.

<u>DEMAND FOR TRIAL BY JURY</u>

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

Dated: Brooklyn, New York
        December 4, 2012

                             LAW OFFICES OF WALE MOSAKU, P.C.

                             By:            /s/

                             Wale Mosaku (AM5872)
                             Attorney for the Plaintiff
                             25 Bond Street, 3rd Floor
                             Brooklyn, N.Y. 11201

(718) 243-0994

Brian Francolla, Esq.
Senior Counsel
City of New York Law Department
Attorneys for defendants
The City of New York, Police Officer Stephan Carr, Police Officer Francesco Allevato
and Lieutenant Joseph Hayward
100 Church Street
New York, N.Y. 10007
(212) 788-0988

Police Officer Daniel Trioni (Tax # 949743)
Defendant Pro Se
75th Police Precinct
1000 Sutter Avenue
Brooklyn, New York 11208